IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-46-BO

| | |
|---|---|
| PENNY HARTMAN,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | ORDER |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 19 & 21]. The underlying dispute involves plaintiff's challenge to defendant's decision denying her disability benefits under the Social Security Act, 42 U.S.C. §§ 301 *et seq.* A hearing on this matter was held in Edenton, North Carolina on December 18, 2012. For the reasons discussed below, this matter is REMANDED for further consideration by the Administrative Law Judge in accordance with this Order.

## BACKGROUND

Plaintiff allegedly suffers from psoriasis, arthritis and depression. On March 26, 2009, plaintiff protectively filed an application for supplemental security income under title XVI of the Social Security Act. Ms. Hartman originally alleged her onset date to be January 1, 2006, but she later amended that date to April 6, 2009. Plaintiff's applications were denied upon initial review and upon reconsideration. Plaintiff then requested an administrative hearing. The Administrative Law Judge (ALJ) issued a decision denying this claim following the requested hearing. On

1

March 12, 2012, the Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner. Plaintiff now seeks reversal of the commissioner's decision or a remand for further consideration by the agency.

## MEDICAL HISTORY

In addition to several other ailments, Ms. Hartman suffers from severe psoriasis. She has stated that the symptoms associated with her condition prevent her working. Plaintiff's symptoms include the cracking, peeling, and bleeding of her skin. [Tr. 40-43]. Her skin condition is so uncomfortable that plaintiff must change position every five to ten minutes due to her skin cracking under any kind of pressure. [Tr. 45-46]. Plaintiff is unable to wear regular shoes due to blistering on the bottom of her feet and must wear loose clothing, such as pajamas, in order to avoid further irritating her condition. At the hearing on the parties' cross motions, plaintiff's counsel discussed the severity and impact of the plaintiff's condition. Strikingly, plaintiff's counsel noted that plaintiff's skin flaked off so frequently that someone needed to go behind her to sweep up the dead skin. It was also noted that plaintiff has difficulty preparing meals because her skin flakes off into the food. Plaintiff also noted that the discomfort associated with her skin condition makes it difficult for her to concentrate for extended periods of time. Finally, the plaintiff testified that she avoids going out in public because her skin condition is so noticeable that people will stare at her.

Plaintiff's medical record is somewhat truncated as to her psoriasis because she went without treatment for thirteen years due to her inability to afford medical care. Nevertheless, Plaintiff's testimony regarding her psoriasis is extensively documented in the record. Dr. Coath documented plaintiff's extensive psoriasis in 2009 and recorded Ms. Hartman's complaint that walking was painful due to the psoriasis lesions on her feet. [Tr. 307]. In 2009, she was treated

2

for psoriasis and the doctor observed that she had extensive lesions and that her condition had progressed to the point that her hair was falling out. [Tr. 298-312]. The doctor also noted the plaintiff's continuing inability to afford extensive medical care and stated that she would research inexpensive treatment options for her. Finally, all the state agency medical sources noted that plaintiff suffered from extensive psoriasis.

## DISCUSSION

The ALJ found that the plaintiff's residual functional capacity was for "light work" with additional limitations. At the administrative hearing, a vocational expert (VE) was asked to testify about the plaintiff's ability to obtain work in the national economy. If jobs are not available to the plaintiff is significant numbers then she should be found to be disabled. The VE was asked to consider, based on the plaintiff's age, education, past work experiences, and her RFC designation of "light work", whether there were jobs in significant numbers in the national economy that plaintiff could perform. The ALJ indicated that the specific limitations on plaintiff's residual functional capacity were: sitting and standing at will every 15 to 20 minutes, no exposure to hazards such as heights or moving machinery, no exposure to pulmonary irritants, and no more than occasional handling with the right, non-dominant hand. [Tr. 25]. Given those limitations, the VE indicated at the hearing that plaintiff could perform the following light level jobs: office helper (4,000 locally/150,000 nationally), order caller (1,000 locally/22,000 nationally), and warehouse checker (1,000 locally/42,000 nationally). The VE further testified that due to Ms. Hartman's inability to consistently use her right hand the jobs numbers he originally provided would be eroded by 50%. ALJ Dodds accepted the VE's conclusions, but noted, "the vocational expert's testimony is inconsistent with the information contained in the Dictionary of Occupational Titles due to the sit/stand option, there is a reasonable explanation for

3

the discrepancy as the vocational expert's experience and knowledge of such jobs in the field is given precedence." [Tr. 25].

The purpose of hearing testimony offered by the VE is to assist the ALJ in determining whether there are jobs available in the national economy which the particular claimant can actually perform. *Walker v. Bowen*, 889 F.2d 47 (4 th Cir. 1989). Vocational experts offer testimony that is based on hypothetical questions posed by the ALJ. The VE's testimony should be "based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Id.* (internal citations omitted). The hypothetical posed by the ALJ must adequately convey to the VE the claimant's impairments that affect her functional capacity. *See Fisher v. Barnhart*, 181 Fed. Appx. 359, 364-65 (4 th Cir. 2006) (unpublished).

Given the extensive, severe, and disabling nature of the plaintiff's psoriasis, the hypothetical posed by the ALJ fails to sufficiently address the severity of the condition. For example, given Ms. Hartman's condition, the VE's indication that the plaintiff could perform work as an office helper is indicative of an improperly framed hypothetical. She is unable to wear any office-appropriate attire and her skin flakes off so frequently that someone must sweep up behind. These two impairments alone seem to make the plaintiff incapable of office work, but were not included in the hypothetical. Further, the discrepancy in the VE's testimony - noted by the ALJ - is closely linked to the plaintiff's limitations resulting from her condition and should have received a closer examination than the ALJ's brief statement of deference. As such, the Court finds that the hypothetical presented to the ALJ was incomplete and the matter should be remanded to the agency for further consideration and development of the VE's testimony.

4

Case 4:12-cv-00046-BO   Document 27   Filed 12/26/12   Page 4 of 5

Additionally, the Court notes that at the motion hearing the parties mentioned that a medicaid ruling relating to the plaintiff's condition may exist. That ruling was not considered at any stage of the plaintiff's denial of benefits by the Social Security Administration. The existence of that ruling does not form the basis for this remand, but to the extent there is a medicaid ruling that is based on plaintiff's medical condition that ruling should also be considered by the agency on remand.

For the reasons stated above, plaintiff's motion for judgment on the pleadings is GRANTED and this matter is REMANDED for further development of the record.

SO ORDERED.

This 26 day of December, 2012

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE